UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT W.,

                Plaintiff,

v.                                              1:20-CV-0917
                                                (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH HILLER, ESQ.
  Counsel for Plaintiff                        CORINNE MANFREDI, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 15.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.    RELEVANT BACKGROUND**

A.   **Factual Background**

Plaintiff was born in 1966. (T. 66.) He completed high school. (T. 213.) Generally, Plaintiff's alleged disability consists of chronic obstructive pulmonary disease ("COPD") and anxiety/depression. (T. 212.) His alleged disability onset date is January 2, 2017. (T. 66.) His date last insured is December 31, 2021. (*Id*.) His past relevant work consists of firefighter. (T. 213.)

B.   **Procedural History**

On April 13, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 66.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 3, 2019, Plaintiff appeared before the ALJ, JuanCarlos Hunt. (T. 31-65.) On June 3, 2019, ALJ Hunt issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-25.) On May 18, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-21.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2022 and Plaintiff had not engaged in substantial gainful activity since January 2, 2017. (T. 12.) Second, the ALJ found Plaintiff had the severe impairments of: asthma, COPD, depression, and anxiety. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 14.)

Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with additional non-exertional limitations. (T. 15.)[1] The ALJ found Plaintiff:

> occasionally can balance, stoop, kneel, crouch, and crawl; he occasionally can climb ramps, stairs, ladders, ropes, and scaffolds; he can have no concentrated exposure to extreme temperatures, wetness, humidity, vibrations, fumes, dusts, odors, gases, poor ventilation, and other pulmonary irritants; he can understand, remember, and carry out simple instructions; he can make simple work related decisions; he can tolerate few changes in a routine work setting; and, he will be off task 10% of the day due to, for example, alternating between positions and/or attention and concentration lapses.

(*Id*.) Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 19-20.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the RFC determination is a product of the ALJ's lay judgment and is not supported by substantial evidence. (Dkt. No. 12 at 17-29.) Plaintiff also filed a reply in which he deemed no reply necessary. (Dkt. No. 14.)

### B.    Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

In response, Defendant makes one argument. Defendant argues the RFC finding is properly based on the overall record including the objective medical findings, the opinions of record, and Plaintiff's activities of daily living. (Dkt. No. 13 at 12-24.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ rejected, or found unpersuasive, all of the medical opinion evidence in the record and therefore the ALJ relied on his own lay opinion in formulating the RFC determination.  (Dkt. No. 12 at 17-29.)  Defendant argues the ALJ considered the overall record and determined the opinions were not persuasive because the overall record demonstrated greater restrictions than those provided by the sources.  (Dkt. No. 13 at 12.)  For the reasons outlined below, the ALJ properly assessed Plaintiff's RFC based on the record as a whole and substantial evidence supported the ALJ's determination.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1)[2].  An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  *See id*. §§ 404.1546(c) (the ALJ is responsible for assessing the RFC), 404.1520b ("After we review all of the evidence relevant to your claim, we make a finding about what the evidence shows.").  The ALJ will assess plaintiff's RFC based on all of the relevant medical and other evidence.  *Id*. § 404.1545(a)(3).

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed his claim after March 27, 2017.

Contrary to Plaintiff's assertion, an RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has consistently held an ALJ may make an RFC finding without an opinion from a medical source. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."); *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that Plaintiff could perform the lifting requirement); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required[.]") (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013)); *see Monroe v. Comm'r*, 676 F. App'x 5, 9 (2d Cir. 2017) (the ALJ could rely on voluminous treatment notes that provided medical assessments of Plaintiff's characteristics relevant to her ability to work, as well as her activities of daily living, to formulate the RFC without the benefit of a medical opinion where the record contained

sufficient evidence from which an ALJ could assess the his RFC); *see Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that plaintiff had severe functional limitations, but that he made improvement following surgery to determine that plaintiff could perform light work); *see Matta v. Astrue*, 508 F. App'x 53, 57 (2d Cir. 2013) (because the ALJ's conclusions "may not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision" plaintiff's RFC was proper because it "took account of the opinions of all . . . experts and the notes of other treatment providers"); *see Tankisi v. Comm'r Soc. Sec*, 521 F. App'x 29, 34 (2d Cir. 2013)(where "the record contains sufficient evidence from which an ALJ can assess . . . residual functional capacity," a medical source statement or formal medical opinion is not necessarily required); *see Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (upholding the ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes).  Therefore, Plaintiff's argument, that the RFC was based on the ALJ's lay opinion where the ALJ found the medical opinion evidence unpersuasive is without merit.

Here, the ALJ's RFC determination was proper and supported by substantial evidence in the record.  Although the ALJ's RFC did not directly correspond to any one opinion in the record, the ALJ considered the record as a whole and ultimately determined Plaintiff was more restricted than provided in any source opinion.  *See Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505–06 (W.D.N.Y. 2020) (ALJ assessed a more restrictive RFC than provided by a medical source); *see Castle v. Colvin*, No. 1:15-CV-0113, 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("[T]he

fact that the ALJ's RFC assessment did not perfectly match [the consultative examiner's] opinion, and was in fact more restrictive than that opinion, is not grounds for remand.").

The ALJ considered the medical opinion evidence in the record and objective medical observations in formulating Plaintiff's mental RFC.  On July 7, 2017, consultative psychologist Susan Santarpia, Ph.D., evaluated Plaintiff and opined he was able to understand, remember and apply simple as well as complex directions and instructions; use reason and judgment to make work-related decisions; interact adequately with supervisors, co-workers and the public; sustain concentration and perform a task at a consistent pace; sustain an ordinary routine and regular attendance at work; regulate emotions; control behavior; and maintain well-being, personal hygiene and attire; and be aware of normal hazards and take appropriate precautions with normal limits.  (T. 17-18; 522.)  The ALJ acknowledged Dr. Santarpia is a mental health specialist who is familiar with the disability program; however, he found her opinion to be unpersuasive and inconsistent with the overall record because "the signs across the totality of the record are inconsistent with the lack of limitations in her opinion."  (T. 18.)  The ALJ noted Plaintiff occasionally presented with anxious mood, tearful affect, and slight deficit in short-term memory.  (T. 18, 44-45, 542, 582, 1143, 1362-1364.)  The ALJ concluded Plaintiff was more limited than opined by Dr. Santarpia and limited him to simple work with additional time off task.  (T. 15); *see Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (ALJ did not err in assessing a more restrictive RFC finding than provided by medical opinion evidence); *see Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) ("The fact that the ALJ

afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand.").

In formulating Plaintiff's physical ability to perform work-related activities, the ALJ noted consultative examiner John Schwab, D.O. examined Plaintiff on July 7, 2017, and opined Plaintiff "should avoid marked exertion." (T. 18, 528.)  The ALJ found Dr. Schwab's opinion not persuasive because the doctor provided minimal support for his opinion, which was also vague.  (T. 18.)  The ALJ further concluded that although Dr. Schwab's "examination included only benign signs, the opinion is inconsistent with the totality of the record that requires a reduction to the exposure of pulmonary irritants." (T. 18, 19, 526-527.)  The non-examining State agency medical consultant, Dr. R. Dickerson reviewed the record and opined Plaintiff did not have postural limitations, and was able to sit, stand and/or walk for about six hours each in an eight-hour workday, and lift and/or carry up to 50 pounds on occasion and 25 pounds frequently.  (T. 74-75.)  Dr. Dickerson's opined exertional limitations are consistent with the ability to perform medium work.  20 C.F.R. § 404.1567(c) (medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds). The ALJ concluded Dr. Dickerson's opinion was not persuasive because it lacked consistency with the evidence of record, the doctor did not provide adequate support for his opinion, and the doctor did not review all of the evidence in the record.  (T. 17.)

The ALJ concluded, based on the record, Plaintiff had more physical functional restrictions than opined by the doctors and limited Plaintiff to a reduced range of light work with "no concentrated exposure to extreme temperatures, wetness, humidity, vibrations, fumes, dusts, odors, gases, poor ventilation, and other pulmonary irritants."

(T. 15, 19.)  As with his mental RFC determination, the ALJ did not err in his physical RFC determination where he relied on the record as a whole and ultimately assessed a more restrictive RFC than provided by medical source opinions.  S*ee Riederer,* 464 F. Supp. 3d at 505-506; see *Lesanti,* 436 F. Supp. 3d at 649.

In addition to the evidence outlined above, the ALJ properly evaluated a questionnaire completed by Plaintiff's treating source.  On April 15, 2019, Gary Nelson, M.D. completed a physical residual functional capacity questionnaire.  (T. 1368-1372.)  Dr. Nelson's opinion included the following limitations: Plaintiff was able to lift up to 20 pounds occasionally; sit, stand or walk for about two hours total in an eight-hour workday; was unable to perform low-stress jobs; needed to walk for 15 minutes every 90 minutes; and would miss more than four days of work per month.  (*Id.*)  Dr. Nelson's exertional limitations are not wholly inconsistent with the exertional demands of light work.  The ALJ evaluated the opinion and concluded Dr. Nelson's opinion was inconsistent with the record.

The ALJ found Dr. Nelson's limitations inconsistent with the totality of the clinical findings of record which included occasional observations of diminished breath sounds as well as findings of no respiratory distress, no dullness to percussion, normal range of extremity motion, intact cranial nerves, full muscle strength in all extremities, intact sensation and normal gait.  (T. 18.)  The ALJ also noted Dr. Nelson based his opinion, in part, on a "throat cancer" diagnosis; however, a vocal cord biopsy was negative for squamous dysplasia and squamous carcinoma.  (T. 18, 473.)  Lastly, the ALJ took into consideration that Dr. Nelson is not a mental health specialist and although Plaintiff had severe anxiety and depression, he also regularly presented with normal speech, thought

pattern, mood, attention, concentration, judgment, and cooperative mood, and/or was alert and oriented, and denied depressive symptoms, which contradicted Dr. Nelson's opined number of absences and lack of ability to handle even low-stress jobs.  (T. 18.)

In addition, the record before the ALJ was sufficient to formulate an RFC and he was not obligated to recontact sources.  *See Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018) (the ALJ is not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability).  Contrary to Plaintiff's argument, an ALJ does not impermissibly substitute his own lay opinion in formulating an RFC absent a medical opinion.  An RFC determination is administrative in nature, not medical.  *Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46 (2d Cir. 2021).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:        October 14, 2021

William B. Mitchell Carter
U.S. Magistrate Judge